**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JODY A. FURNARE,

Plaintiff

v.

ANTHONY MARTINIS, et al.,

Defendants

Case No.: 3:24-cv-00503-MMD-CSD

**Order**

Re: ECF Nos. 23, 31, 33, 35, 36

## I. BACKGROUND

The court screened Plaintiff's first amended complaint (FAC), and allowed him to proceed with an Eighth Amendment excessive force claim against defendant Martinis based on allegations that Martinis handcuffed and assaulted Plaintiff while making homophobic and transphobic comments. (ECF No. 7.)

On March 13, 2026, the court entered an order directing the Attorney General's Office to file a notice indicating whether it accepts service for Martinis or provide a last known address under seal. Plaintiff was given 90 days, until June 11, 2026, to complete service. (ECF No. 16.)

On April 1, 2026, the Attorney General's Office filed a notice indicating that service was not accepted for Martinis, noting that it was unable to identify an employee by that name. (ECF No. 17.)

Plaintiff then filed a motion for the U.S. Marshal to serve Martinis. (ECF No. 18.) The Clerk granted that request and issued a summons and required Plaintiff to fill out a USM-285 form and return it to the U.S. Marshal for service. (ECF No. 19.)

Plaintiff filed a motion seeking Nevada Public Records for Martinis. (ECF No. 23.)

The Attorney General's Office then filed a notice indicating that the Defendant may be a former employee named Anthony Martinez, and filed his last known address under seal. (ECF No. 25.)

The deadline to complete service was extended to August 24, 2026, and the court issued another order directing the U.S. Marshal to attempt to serve Martinez at the last known address filed under seal. (ECF No. 27.) Martinez was not able to be served at the address filed under seal. (ECF No. 30.)

Plaintiff then filed a motion which seeks to compel the Nevada Department of Corrections (NDOC) to disclose Martinez's whereabouts, stating that he believes Martinez was picked up by NDOC from the Pershing County Jail. (ECF No. 31.) The Attorney General's Office filed a response stating that Mr. Martinez is not in the custody of NDOC, but NDOC contacted the Pershing County Sheriff's Office and confirmed Martiez was detailed in the Pershing County Jail for approximately six months and was released and left the area, and believe he relocated to California and did not leave a forwarding address. (ECF No. 32.)

Next, Plaintiff filed a motion to vacate "petition" which appears to request voluntary dismissal of this action because Plaintiff is unable to locate Martinez. (ECF No. 33.) Plaintiff then filed a motion that appears to retract that motion. (ECF No. 35.)

Finally, Plaintiff has filed a "motion for responsibility" asserting that NDOC is responsible for the actions of its former employee. (ECF No. 36.)

## II. DISCUSSION

Plaintiff's motion for Nevada Public Records (ECF No. 23) is denied, as this is not a proper way to obtain information from a non-party in a federal case. Moreover, after Plaintiff

filed this motion, the Attorney General's Office filed Martinez's last known address under seal, and confirmed they have no further information regarding Martinez's whereabouts other than that NDOC was told that Martinez was released from the Pershing County Jail and may have relocated to California.

Plaintiff's motion at ECF No. 31 to have NDOC disclose Martinez's whereabouts (ECF No. 31) is likewise denied because NDOC has provided, through the Attorney General's Office, all of the information it has regarding Martinez's whereabouts.

Plaintiff's motion to retract his motion to motion to vacate (ECF No. 35) is granted, and therefore, the motion to vacate (ECF No. 33) is denied as moot.

Finally, Plaintiff's motion to hold NDOC responsible for the actions of its former employee (ECF No. 36) is denied.

NDOC is not a party to this action and is not a person that can be sued for the violations of rights Plaintiff has alleged. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Plaintiff does not name any supervisor of Martinez, but even if Plaintiff did so, a supervisory official cannot be held liable for the actions of a subordinate simply because it employed the alleged wrongdoer. *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012) (en banc) (quoting *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)).

The court will provide Plaintiff with one final extension of time to complete service as to Martinez, but if Martinez is not timely served, he will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## III. CONCLUSION

Plaintiff's motion to retract his motion to vacate (ECF No. 35) is **GRANTED**. Plaintiff's motions at ECF Nos. 31, 33, 34, and 36 are **DENIED** for the reasons stated above.

Plaintiff has until **October 16, 2026**, to complete service as to Martinez, and a failure to timely do so will result in dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Dated: September 16, 2026

Craig S. Denney
United States Magistrate Judge